

# SUPREME COURT OF ARKANSAS

No. CV-14-219

| | |
|---|---|
| JOEY HOOSIER, CYRENA HOOSIER, AND MIKE AND ANNETTE HOOSIER, AS GUARDIANS OF REBECKA HOOSIER<br><br>APPELLANTS | Opinion Delivered December 11, 2014<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-10-952] |
| V. | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB<br><br>APPELLEE | REVERSED AND REMANDED; COURT OF APPEALS OPINION VACATED. |

**JOSEPHINE LINKER HART, Associate Justice**

This appeal presents a choice-of-law question concerning whether California or Texas law applies to an automobile-insurance policy and what analysis we should use to reach our decision. In their complaint, the Hoosiers alleged that on September 10, 2009, a vehicle driven by Jerry Adams entered a westbound lane of I–30 in Arkansas and collided with a vehicle occupied by Joey Hoosier, Cyrena Hoosier, and Rebecka Hoosier. The collision pushed the Hoosier vehicle across the median into oncoming eastbound traffic, where the Hoosier vehicle collided with another vehicle. The Hoosiers sought recovery against Adams for the damages they sustained and pursued underinsured-motorist-coverage benefits provided for in an automobile-insurance policy issued to Joey and Cyrena Hoosier by appellee Interinsurance Exchange of the Automobile Club (IEAC). Adams settled, and IEAC sought summary

judgment, arguing that California law applied, and that based on California law, the Hoosiers were not entitled to recovery. The circuit court agreed and granted IEAC's summary-judgment motion. The Hoosiers appealed, and the Arkansas Court of Appeals affirmed the circuit court's decision. *Hoosier v. Interinsurance Exch. of Auto. Club*, 2014 Ark. App. 120, 433 S.W.3d 259. On review to this court, the Hoosiers argue that the circuit court should have conducted a significant-relationship analysis, concluded that Texas law applied to the policy, and awarded underinsured-motorist benefits. After considering this argument, we reverse and remand the circuit court's decision and vacate the decision of the Arkansas Court of Appeals.

In determining this choice-of-law question, the essential facts are that on March 21, 2009, Joey and Cyrena Hoosier held an automobile-insurance policy issued by IEAC that provided underinsured-motorist coverage. At that time, Joey and Cyrena Hoosier were residents of California. On June 4, 2009, however, a policy-change declaration was issued by IEAC. According to the declaration, the subject of the policy change was a "RESIDENCE CHANGE" to an address in Houston, Texas. The declaration noted that there was no change to the premium.

In their motion for summary judgment, IEAC argued that the circuit court should apply the choice-of-law rule of *lex loci contractus*, which provides that questions regarding insurance coverage are resolved by applying the law of the state where the insurance contract was made. *See generally Cross v. State Farm Mut. Auto. Ins. Co.*, 2011 Ark. App. 62; *S. Farm Bureau Cas. Ins. Co. v. Craven*, 79 Ark. App. 423, 89 S.W.3d 369 (2002). IEAC contended that under that rule, California law applied to the interpretation of the underinsured-motorist provision in the

insurance policy. Further, IEAC contended that under California law, the loss would not meet the qualifications for an underinsured-motorist claim because the bodily-injury limits in Adams's insurance policy were equal to and not less than the amount of underinsured-motorist coverage available under Joey and Cyrena Hoosier's IEAC policy.

In reply, the Hoosiers argued that Texas law applied under the *lex loci contractus* rule, or, alternatively, a significant-relationship analysis in which the court applies to a particular issue the law of the state with the more significant relationship to the transaction and the parties. *See generally* Restatement (Second) of Conflict of Laws §§ 188(2),193 (1971). The Hoosiers asserted it was undisputed that Joey and Cyrena Hoosier resided in Texas and that they had notified IEAC of their change in residence from California to Texas. The Hoosiers further asserted that Texas law applied and that under Texas law, they were entitled to underinsured-motorist benefits because, in Texas, a motorist is considered underinsured whenever his liability insurance is insufficient to cover the injured party's damages.

In its written order, the circuit court concluded that the rights and liabilities of the parties to an insurance contract should be determined by the law of the state where the contract was made. The circuit court found that California law applied to the underinsured-motorist-coverage provision and that the move to Texas and the change of residence "did not change this finding." After applying California law, the court granted summary judgment in favor of IEAC.

On appeal, the parties do not dispute that the Hoosiers would be entitled to an award of underinsured-motorist benefits under Texas law while California law would preclude

SLIP OPINION

coverage. The Hoosiers contend that Texas law applies under the *lex loci contractus* rule, arguing that the policy was effectively reissued in Texas. They also argue that Texas law applies under the significant-relationship analysis. The Hoosiers observe that the insurance policy required that they inform IEAC of a change in residence and that the policy was changed in June 2009 to reflect the change in residence to a Texas address, which was three months prior to the accident. They further contend that Texas was the principal location of the insured risk.

In reply, IEAC contends that the change of address was not sufficient to show that the policy had become a Texas policy. Further, IEAC argues that under the significant-relationship analysis, California law should apply because the place of negotiation and contracting was California, where IEAC was incorporated. IEAC further asserts that because Joey and Cyrena Hoosier moved back to California after the accident, California was their residence, the place of performance of the policy, and the place for a claim for any benefits after the accident.

In instances where an insurance policy does not contain an effective choice-of-law provision, this court has applied what is known as the significant-relationship analysis to determine which state's law applied to the policy. *Scottsdale Ins. Co. v. Morrow Valley Land Co.*, 2012 Ark. 247, 411 S.W.3d 184; *Crisler v. Unum Ins. Co. of Am.*, 366 Ark. 130, 233 S.W.3d 658 (2006). The Restatement (Second) of Conflict of Laws § 193, provides as follows:

> The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

4

Accordingly, with respect to an automobile-insurance policy, which is a form of casualty insurance,[1] unless some other state has a more significant relationship to the transaction and the parties, the law of the state which the parties understood to be the principal location of the insured risk during the term of policy controls. In applying the significant-relationship analysis in *Scottsdale* and *Crisler*, this court considered the factors set out in Restatement (Second) of Conflict of Laws § 188(2), which provides as follows:

> In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>> (a) the place of contracting,
>> (b) the place of negotiation of the contract,
>> (c) the place of performance,
>> (d) the location of the subject matter of the contract, and
>> (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

In *Scottsdale* and *Crisler*, this court adopted the significant-relationship analysis in deciding choice-of-law questions relating to an insurance policy. The adoption of the significant-relationship analysis with respect to the automobile-insurance policy in this case is supported by sound policy. Because the *lex loci contractus* rule has been considered too rigid, a majority of the states now apply the law of the state with the most significant relationship to the dispute. Jeffrey E. Thomas, *New Appleman on Insurance Law Library Edition* § 6.02[3][a]

---

[1]"Casualty insurance" is defined as an "agreement to indemnify against loss resulting from a broad group of causes such as legal liability, theft, accident, property damage, and workers' compensation." Black's Law Dictionary 871 (9th ed. 2009).

SLIP OPINION

(2013). The significant-relationship analysis provides a "flexible approach that takes into account each state's contacts with the parties and the transaction to determine which state has the greatest interest in resolving the issues raised in the lawsuit." *Id.* The *lex loci contractus* rule, which applies the law of the state in which the contract was made, has become more difficult to apply in multi-state commerce. *Id.* § 6.02[2]. In contrast, the significant-relationship analysis permits a court to take into account the location of where the insured automobile will be garaged because the automobile's location would have a bearing on the nature and extent of the risk. *Id.* § 6.02[3][c]. Moreover, the state where the insured risk will be principally located has an interest in the determination of issues arising under the insurance policy. *Id.* Further, the significant-relationship analysis permits consideration of other factors, such as the place of contracting; the place of negotiation of the contract; the place of performance; the location of the subject matter of the contract; and the domicil, residence, nationality, place of incorporation and place of business of the parties. Restatement (Second) of Conflict of Laws § 188(2).

Like the insurance policies in *Scottsdale* and *Crisler*, the automobile-insurance policy at issue here does not contain a choice-of-law provision. In keeping with our application of the significant-relationship analysis to an insurance policy to answer a choice-of- law question in both *Scottsdale* and *Crisler*, we likewise apply this analysis to Joey and Cyrena Hoosier's automobile-insurance policy to determine whether Texas or California law applies. Thus, we reject the notion that the choice-of-law rule of *lex loci contractus* applies in this case. Because there are no disputed facts, our standard of review is de novo. *Scottsdale Ins. Co.*, 2012 Ark.

SLIP OPINION

247, at 6–8, 411 S.W.3d at 189–90 (affirming the granting of summary judgment after conducting a de novo review of the above factors and concluding that Arkansas law applied); *see Crisler*, 366 Ark. at 133–35, 233 S.W.3d at 660–61 (reversing the granting of summary judgment after considering the factors and concluding that Arkansas law applied). In considering these factors de novo, we conclude that Texas law applies.[2]

Under the policy, an underinsured motor vehicle was defined as a "motor vehicle which at the time of the accident is either: (a) insured under a motor vehicle liability policy or an automobile liability insurance policy; or (b) self-insured; or (c) covered under a cash deposit or bond posted to satisfy a financial responsibility law; but for an amount that is less than the limits shown in the declarations for COVERAGE F." Given the change of address provided for in the policy declaration issued by IEAC, at the time of the accident, the parties understood that Texas was the principal location of the insured risk. Further, in considering these factors, while the insurance policy was originally negotiated in California, Joey and Cyrena Hoosier notified IEAC that they were moving to Houston, Texas, and IEAC issued

---

[2]The dissent asserts that the majority has reversed a circuit court for following precedent, citing *Southern Farm Bureau Casualty Insurance Company v. Craven*, 79 Ark. App. 423, 89 S.W.3d 369 (2002). As explained above, we are applying precedent, specifically this court's decisions in *Scottsdale Insurance Company v. Morrow Valley Land Co.*, 2012 Ark. 247, 411 S.W.3d 184, and *Crisler v. Unum Insurance Company of America*, 366 Ark. 130, 233 S.W.3d 658 (2006), which applied the significant-relationship analysis to insurance policies. Moreover, *Craven* did not hold that the choice-of-law rule of *lex loci contractus* applied. Rather, it held that "whether the *lex loci contractus* rule or the significant contacts analysis is applied, the insurance contract in the present case is governed by Arkansas law." *Craven*, 79 Ark. App. at 428, 89 S.W.3d at 373. To the extent that *Craven* applied the *lex loci contractus* rule to automobile-insurance policies, we reject it.

SLIP OPINION

to them a policy declaration showing a residence change to an address in Houston, Texas. Thus, at the time of the accident, the place of performance, the location of the subject matter of the contract, and the residence of the Hoosiers were all in Texas. Considering these factors and evaluating the factors according to their relative importance with respect to this issue, Texas had a more significant relationship to the transaction and the parties than did California. IEAC argues that under the significant-relationship analysis, California law applies because Joey and Cyrena Hoosier moved back to California. The policy, however, indicates that the definition of an underinsured motor vehicle is determined "at the time of the accident." Accordingly, we hold that the circuit court improperly granted summary judgment to IEAC and reverse and remand.

Reversed and remanded; court of appeals opinion vacated.

HANNAH, C.J., and CORBIN and DANIELSON, JJ., dissent.

**JIM HANNAH, Chief Justice, dissenting.** I respectfully dissent. The majority does a disservice to the bench and the bar when it fails to explain why it has adopted a new test to apply to choice-of-law questions in automobile-insurance-policy cases. In this case, the circuit court followed Arkansas precedent when it applied the choice-of-law rule of lex loci contractus, *see Farm Bureau Cas. Ins. Co. v. Craven*, 79 Ark. App. 423, 89 S.W.3d 369 (2002), yet the majority reverses. If *Craven* is no longer good law, then the majority should (1) explicitly overrule *Craven*, (2) expressly adopt the significant-relationship test for cases involving automobile-insurance contracts, and (3) reverse and remand this case to the circuit

court so that the circuit court can conduct a significant–relationship analysis and determine in the first instance whether California law or Texas law applies.

CORBIN and DANIELSON, JJ., join.

*Paul Pfeifer*, for appellants.

*Laser Law Firm, P.A.*, by: *James M. Duckett*, for appellee.